‘IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THOMAS MARVIN FERRIEL, II
ADC #137119                                                                                          PLAINTIFF

V.                                          5:10CV00325 DPM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the

>   United States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Thomas Marvin Ferriel, II, who is a prisoner in the Randall Williams Correctional Facility of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants violated his constitutional rights while he was a prisoner in the Delta Regional Unit. *See* docket entries #2, #16, and #17. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a

The facts, as alleged in Plaintiff's Complaints, are as follows:

1. On September 4, 2010, a race riot occurred in Barracks 1, 2, 3, and 4 of the Delta Regional Unit. *See* docket entries #2, #16, and #17. Plaintiff, who is Caucasian, was beaten by several African-American prisoners in Barracks 3. *Id.*

2. On September 5, 2010, Plaintiff asked to be placed in protective custody. *Id.* That request was denied because the aggressors in the race riot had been transferred to another unit, and Plaintiff did not name any specific prisoners who were a threat to his safety. *Id.* Plaintiff was then placed in Barracks 8, *without incident*. *Id.*

3. On September 7, 2010, Plaintiff, and two other Caucasian prisoners, were transferred from Barracks 8 to Barracks 2. *Id.* All three transferees refused to enter Barracks 2 because unspecified African-American prisoners inside Barracks 2 where verbally threatening them. *Id.*

4. On September 16, 2010, Plaintiff received a disciplinary conviction for refusing a direct order to enter Barracks 2. *Id.* As punishment, he was reduced in class and ordered to spend thirty days in punitive isolation. *Id.*

5. On September 17, 2010, Plaintiff received a disciplinary conviction for failing to report to work on September 10, 2010. *Id.* As punishment, he was ordered to spend fifteen days in punitive isolation.

6. On September 20, 2010, Plaintiff received two separate disciplinary convictions for failing to report to work on September 13 and 14, 2010. *Id.* As punishment, he was ordered to spend

---

cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

ten days in punitive isolation for each offense. *Id.*

7.  On November 22, 2010, Plaintiff completed his combined terms of confinement in punitive isolation. *Id.* At that time, Plaintiff refused to return to general population and asked to be placed in protective custody. *Id.* That request was denied. *Id.*

8.  On December 1, 2010, Plaintiff was transferred from the Delta Regional Unit to the Randall Williams Unit. *Id.*

9.  On December 8, 2010, Plaintiff received a disciplinary conviction for refusing to return to general population at the Delta Regional Unit on November 22, 2010. *Id.* As punishment, he was reduced in class and ordered to spend thirty days in punitive isolation. *Id.* However, for an unknown reason, the thirty-day term of confinement in punitive isolation was suspended *Id.*

## II.  Discussion

**A.     Plaintiff's Fourteenth Amendment Due Process Claim**

Plaintiff alleges that Defendants violated his due process rights when they wrongfully convicted him of five disciplinary infractions in September and December of 2010. *See* docket entries #2, #16, and #17.

In connection with a disciplinary proceeding, a prisoner has a Fourteenth Amendment right to due process only if a liberty interest is at stake. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff contends that his class was reduced as a result of his five disciplinary convictions. A prisoner clearly does *not* have a liberty interest in maintaining a particular classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Plaintiff also was sentenced to thirty days, or less, in punitive isolation for each of his five disciplinary convictions. A prisoner also does *not* have a liberty interest arising from being placed in punitive isolation for relatively short intervals of time such as those involved in this case. *See Sandin v. Conner*, 515 U.S. 472, 482-86 (1995) (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*); *Hemphill v. Delo,* Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (holding that a prisoner did not have a liberty interest in avoiding thirty days in punitive disciplinary segregation and 290 days in administrative segregation); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that a prisoner did not have a liberty interest in avoiding 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library"). Thus, Plaintiff has failed to state a viable Fourteenth Amendment due process claim.

**B.     Plaintiff's Eighth Amendment Failure to Protect Claim**

Plaintiff alleges that Defendants violated his Eighth Amendment rights when they denied his requests to be placed in protective custody. *See* docket entries #2, #16, and #17.

The Supreme Court has clarified that being assaulted by other inmates or detainees is not "part of the penalty that criminal offenders [must] pay for their offenses." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Thus, the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to "take reasonable measures to guarantee" inmate safety by protecting them from attacks by other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

However, prison officials do not commit a constitutional violation every time one prisoner attacks another.  *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007); *Blades v. Schuetzle*, 302 F.3d 801, 803-04 (8th Cir. 2002).  Instead, to establish a failure to protect claim, a detainee must demonstrate that:  (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of and disregarded that substantial risk of serious harm.  *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007)

Importantly, in this case, Plaintiff is *not* alleging that Defendants failed to protect him from being attacked during the September 4, 2010 race riot.[2]  Instead, he is alleging that, *after the race riot*, Defendants improperly denied his requests to be placed in protective custody.

As previously discussed, Defendants denied Plaintiff's requests because the aggressors had been transferred to another unit, and Plaintiff did *not* identify any specific individuals who intended to harm him.  Additionally, Plaintiff does not allege that Defendants attempted to house him with any prisoners who were on his enemy alert list.   Instead, he contends that Defendants attempted to place him in Barracks 2, where unnamed prisoners yelled unspecified verbal threats at him.  The Eighth Circuit has held that "threats between inmates are common," and that, standing alone, such threats do not generally rise to the level necessary to create a substantial risk of harm.  *Pagels v. Morrison*, 335 F.3d 736, 741 (8th Cir. 2003); *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996).  Having conceded that he was *not* forced to enter Barracks 2, there is nothing about the unspecified verbal threats in this case which are sufficient, objectively, to support Plaintiff's allegation that he was ever at a "substantial risk of serious harm."

---

[2] Additionally, Plaintiff does not assert that, objectively, there was a substantial risk of a race riot, or that, subjectively, Defendants knew of but disregarded any such substantial risk.

Finally, and most importantly, Plaintiff admits that he was *not* physically harmed, after Defendants denied his requests for placement in protective custody, and that he has now been transferred from the Delta Unit where he was allegedly in danger.  *See*  42 U.S.C. § 1997e(e) (providing that an inmate cannot recover compensatory damages absent a physical injury); *Owens v. Isaac,* 487 F.3d 561, 564 (8th Cir. 2007) (holding that a prisoner's claim for injunctive relief is moot when he is transferred to another facility and no longer subject to the allegedly unconstitutional conditions). Thus, Plaintiff's allegation of failure to protect should be dismissed, without prejudice, because they fail to state a claim.

**C.     Plaintiff's Unspecified Fifth and Sixth Amendment Claims**

In his Second Amended Complaint, Plaintiff makes the conclusory statement that Defendants violated his Fifth and Sixth Amendment rights.  *See* docket entry #17 at 2.  However, Plaintiff has not specified what provisions of the Fifth and Sixth Amendments were violated or otherwise clarified the legal basis for his claims.  Additionally, he has not set forth *any* facts that would support a Fifth or Sixth Amendment violation.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement"  are insufficient to plead a viable claim for relief; and instead "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face").  Accordingly, those claims should also be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      This case be DISMISSED, WITHOUT PREJUDICE, because Plaintiff's pleadings

fail to state a claim upon which relief may be granted.

2. The dismissal of this action CONSTITUTE a strike, as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 25th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE